William D. Hyslop
United States Attorney
*Vanessa R. Waldref*
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLY O'KELL,<br><br>                          Plaintiff,<br><br>v.<br><br>DAVID BERNHARDT, in his<br>official capacity as Secretary of the<br>United States, Department of the Interior,<br><br>                          Defendant. | No. 2:18-cv-00279-SAB<br><br>**DEFENDANT'S REPLY IN<br>SUPPORT OF ITS MOTION FOR<br>SUMMARY JUDGMENT** |

Defendant United States of America, by and through its counsel of record,

William D. Hyslop, United States Attorney for the Eastern District of Washington,

and the undersigned Assistant United States Attorney, hereby submits this reply to

Plaintiff Kelly O'Kell's Response to Defendant's Motion for Summary Judgment

(ECF No. 33) and in support of its Motion for Summary Judgement (ECF No. 26).

## I.      INTRODUCTION

Plaintiff's response to Defendant's summary judgment motion continues to rely

on Plaintiff's uncorroborated, self-serving statements. Plaintiff still cites to no

evidence, other than her own testimony, that <u>anyone</u> ever told her that she was not

selected for the Project Manager position due to her age. All evidence is to the

contrary. Plaintiff admits that Clint Wertz and Clyde Lay encouraged her to apply for

the Project Manager position, and Clint Wertz, the hiring panel, and all the supporting

selection materials support that other candidate, Charity Davidson, was better-

qualified for the position. Plaintiff's odd inclusion of personal photos of Charity Davidson and Jennifer McConnell in her Statement of Facts (ECF No. 34 at 14-17), apparently to "prove" that these educated women with experience in their field could not be qualified for their positions because of their appearance, is offensive and provides no support to Plaintiff's claim. Defendants have legitimate, non-discriminatory reasons for each disciplinary action taken against Plaintiff, due to her misconduct and disruption of the workplace. That Plaintiff's misconduct escalated after she made allegations of age discrimination does not excuse Plaintiff from discipline.

Furthermore, Plaintiff continues to mischaracterize and conflate the workplace investigations that were done for her benefit and at her request: there was one formal EEO investigation conducted by an independent EEO investigator into her EEO age and retaliation complaints; and there were two additional Bureau-conducted administrative investigations into her various complaints about misconduct in the Ephrata Field Office. Plaintiff's argument is contradictory – she demanded that the Bureau investigate her allegations of other's alleged misconduct, but when those investigations occurred, she claimed it was retaliatory. She terms an administrative investigation conducted by Hayward Reed, a former EEO judge to be a "sham" because she alleges – with no support other than her own conflicting testimony – that complaints her peers made against her for creating a hostile environment were only made due to an elaborate management conspiracy that included bribes and promises of promotions. Plaintiff never raises any issues with the actual findings of these investigations, which provide no support to any of her claims of age discrimination or retaliation. Plaintiff's version of events is that *everyone* else is lying – even former employees like Corbin Gentzler, who have no ongoing connection to Reclamation – and engaged in a broad conspiracy to encourage Plaintiff to apply for a position only to discriminate and retaliate against her. Defendant's motion should be granted.

REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT - 2

## II.    ARGUMENT

**A. Plaintiff's claim that she was not selected for the Project Manager position because of her age is based entirely on her own, uncorroborated evidence.**

Plaintiff simply cannot support that age was the "but-for" cause of her non-selection for the Project Manager position. *See Shelley v. Geren*, 666 F.3d 599, 607-08 (9th Cir. 2012). As an initial matter, Plaintiff offers no material evidence to dispute that the selected candidate, Charity Davidson, was better qualified for the position, had superior references, or more experience in project management.  Def.'s Reply Statement of Material Facts (SMF) ¶ 2. The Bureau had legitimate, non-discriminatory reasons to select Ms. Davidson over Ms. O'Kell. *Id.* Plaintiff's elaborate, uncorroborated claims of age discrimination in an attempt to show pretext in the selection decision should not survive summary judgment. Plaintiff also cites to no evidence, other than her own self-serving statements, that anyone heard Mr. Wertz (or any of her supervisors) make any of the alleged age-based statements she attributes to them. Def.'s Reply SMF ¶ 7, 12. Nor can she point to any evidence that explains her own conspiracy theory that her supervisors encouraged her to apply for the Project Manager position only to discriminate and retaliate against her. ECF No. 27-3, PageID 626.

Plaintiff argues Defendant's motion should be denied because "unrebutted direct evidence exists that Defendant did not promote Ms. O'Kell because of her age." ECF No. 33 at 8. The alleged "direct evidence" Plaintiff refers to is Plaintiff's own self-serving statements. ECF No. 33 at 9–10; *see also* ECF No. 34 ¶¶ 70, 92, 35, 74, 78, 91; ECF No. 27 ¶ 29. Other than her uncorroborated, self-serving testimony, the additional "direct evidence" Plaintiff cites is (1) deposition testimony in which the deponent could not recall (or was asked if they could recall) making the alleged discriminatory comments or (2) testimony from her coworkers who allegedly witnessed general comments about age in the workplace. *See* ECF No. 34 ¶¶ 91, 48,

REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT - 3

76, 60. Neither are direct evidence because, even if true, they are not directly tied to the alleged adverse employment action. *See France v. Johnson*, 795 F.3d 1170, 1173 (9th Cir. 2015) (stating "direct evidence, which standing alone can defeat summary judgment, must be evidence *directly tied to the adverse employment decision*.") (emphasis added).

First, Plaintiff attempts to turn Mr. Wertz's "failures to recall" into evidence that support her claims by inferring a failure to deny an allegation is analogous to direct supporting evidence. ECF No. 33 at 8–9. This is a mischaracterization of the cited evidence. In Mr. Wertz's affidavit and deposition testimony, he stated he could not recall making some of the alleged discriminatory statements. ECF No. 34 ¶ 77. This failure to recall does not support the claims alleged by Plaintiff. *See Nishimoto v. Cty. of San Diego*, No. 3:16-CV-1974-BEN-LL, 2019 WL 1317328, at *1 (S.D. Cal. Mar. 22, 2019) (excluding deposition testimony in which the witness could not recall a day's events because a "failure to remember and lack of knowledge are not sufficient to create a genuine dispute.") (internal quotation omitted)). Furthermore, Mr. Wertz has specifically denied making the statements Plaintiff alleges. ECF No. 35-3, PageID 1459. Again, Plaintiff cites to no evidence that anyone heard Mr. Wertz (or any of her supervisors) make any of the alleged age-based statements she attributes to them. Def.'s Reply SMF ¶ 7, 12.

Next, Plaintiff cites to coworkers' general testimony about comments about age in the workplace to support her allegations that age was the <u>cause</u> of her non-selection. *See* ECF No. 34 ¶¶ 39, 38. Again, this is not direct evidence because it is unrelated to the adverse employment action as it relates to *Plaintiff*. The statements allegedly heard by Plaintiff's coworkers are merely stray remarks and unrelated to the adverse employment. *See Nesbit v. Pepsico, Inc*., 994 F.2d 703, 705 (9th Cir. 1993). To illustrate, Ms. DuBois's testimony about conversations with Mr. Wertz regarding "new blood", "old people", Ms. DuBois's own retirement, and Mr. Wertz's personal life are not related to the decision not to select Plaintiff. *See* ECF No. 34 ¶ 38–40;

REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT - 4

ECF No. 27 ¶ 33. Ms. Fromm's general recollection of a statement that Mr. Wertz was "trying to bring in the newer generation" is also not directly tied to the decision not to hire Plaintiff for the Project Manager position. ECF No. 34 at 59 (Plaintiff's Contested Statement of Facts ¶ 5). Finally, Ms. Hoff's testimony that she was told not to apply for the Project Manager lateral position (with no mention of age) is unrelated in any way to Plaintiff or the decision not to hire Plaintiff. ECF No. 34 ¶ 59. (In fact, Plaintiff admits that Mr. Wertz encouraged her to apply for the Project Manager position – which by the same rationale negates discriminatory animus. ECF No. 27-3, Page ID 626.) Even if all of these statements are taken as true, they are not directly related to the legitimate decision not to select Plaintiff, and Defendant's motion for summary judgment on Plaintiff's claim of age discrimination should be granted.

### B. Plaintiff's claims of retaliation are based entirely on her own, uncorroborated evidence and unsupported perceptions that the Bureau's investigations into her complaints were insufficient.

There is no dispute that Plaintiff frequently complained about all aspects of her work environment; but complaints alone (especially inaccurate, baseless complaints) do not insulate an employee from disciplinary action for misconduct and disrupting the workplace. *See O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 763 (9th Cir. 1996). In May 2016, Plaintiff complained to her EEO counselor, who engaged in initial factfinding and then referred Plaintiff's formal complaint to the Bureau's EEO Division in Denver, which conducts investigations separately from the Bureau's Pacific Northwest Regional and Field Offices. Plaintiff also complained to managers at the Ephrata Field Office and the Pacific Northwest Regional Office, and the Bureau's Human Resources department conducted several different "administrative investigations." Plaintiff's response, like the Plaintiff's Expert's report, again improperly conflates "EEO Investigations" with administrative investigations into Plaintiff's own allegations as well as allegations against her. ECF

No. 33 at 13–14. These are distinct processes with separate policies and procedures. *See* ECF No. 20 at 2; ECF No. 20-2 at 5; Def's Reply SMF ¶ 20.

Separate from the EEO investigation, three administrative investigations involving Plaintiff were conducted or initiated by the Bureau's Human Resource Department. The administrative investigations in September 2017 and November 2017 were conducted internally by Bureau employees from the Boise Regional Office into <u>Plaintiff's</u> various workplace allegations; these complaints were not the bases for the 3-day suspension that Plaintiff received for her inappropriate conduct in the Fall of 2017. Def's Reply SMF ¶¶ 17, 19. The administrative investigation into allegations against Plaintiff for workplace misconduct were conducted in March 2018 by an independent investigator, Hayward Reed. *Id.* ¶ 24. One EEOC investigation was separately conducted by EEO Investigator Michael Brown into Plaintiff's allegations of age discrimination and retaliation relating to a hostile work environment. ECF No. 20-2 at 6-8; Def's Reply SMF ¶ 20.

As stated, the Bureau's Human Resources Department and the EEO Office are separate and distinct, performing different roles and operating under different statutes and regulations. *See id.*

1. **Bureau employees extensively investigated Plaintiff's various complaints and Plaintiff cannot point to any investigative findings that support her allegations of age discrimination or retaliation.**

Plaintiff attempts to discredit the administrative investigations in procedure because she cannot discredit the investigations in substance. Plaintiff essentially complains that the investigative procedure was not perfect. ECF No. 33 at 17. But she does not have any evidence that supports that the investigative findings are inaccurate. Def's Reply SMF ¶ 20. Furthermore, neither Plaintiff nor her expert can point to any Bureau investigative policies or procedures in place at the time that were violated. *Id.;* Diamond Dep. at 108: 13-19 ("It does not violate any Department of Interior policy that from what I can determine did not exist").

REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT - 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

As to the alleged issue of timeliness, Plaintiff fails to account for the time and complexity required to investigate Plaintiff's numerous allegations that raised 38 issues and involved 27 interviews. ECF No. 27-3, PageID 771-774. As to the alleged issue of investigating officials, the Bureau did not violate any internal procedure in using human resources officials for an administrative investigation. The Bureau delegated Boise office employees to travel to Ephrata, Washington in order to independently investigate Plaintiff's claims. These investigations took significant Bureau resources, which involved multiple days interviewing multiple employees. These interviews produced hundreds of transcript pages. These efforts were all an attempt to understand Plaintiff's convoluted allegations. Out of the time and resources spent, none of Plaintiff's allegations were substantiated to warrant a finding of misconduct by any Bureau employee. *Id.;see also* PageID 754-769.

As to the alleged issue regarding investigative thoroughness, the Bureau spent multiple days questioning Bureau employees regarding Plaintiff's allegations, which involved extensive claims unrelated to Plaintiff's EEO complaint (including, for example, that she was not allowed to attend an employee picnic that she actually attended, ECF No. 27-3 PageID 761-762). The Bureau investigated each of Plaintiff's allegations. Out of the resulting hundreds of pages of testimony, Plaintiff cannot point to a single page that substantiated her claims.  Plaintiff complains that the Bureau did not turn over every stone in its investigations – that is not what is required, nor does it support Plaintiff's claims of retaliation.

### 2. Plaintiff cannot support her claim that the independent investigation into coworkers' complaints against Plaintiff was retaliatory or a "sham"

Plaintiff's contention that the independent investigation into complaints made against *her* was a "sham" is preposterous. The Bureau hired an independent investigator and former EEO Judge, Hayward Reed, to inquire into allegations of harassment that Reclamation employees Ms. Gentry, Ms. Fromm and Mr. Simons made against Plaintiff. Def's Reply SMF ¶ 24. Plaintiff does not dispute that Mr. Reed

REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT - 7

was impartial, *id.,* and Plaintiff's expert admits that the Bureau's investigation was timely, ECF No. 36, PageID 1798. Plaintiff cannot support her allegations that Fromm and Gentry were promised promotions for complaining about Plaintiff's inappropriate behavior. Def's Reply SMF ¶ 27.

Plaintiff further contends that the Bureau's disciplinary process is a sham in alleging that Defendant "cannot decide" who made the decision to terminate Plaintiff. ECF No. 33 at 18. Plaintiff cites *Christensen v. Titan Distribution, Inc.*, 481 F.3d 1085, 1095 (8th Cir. 2007), where no deciding official took responsibility for the decision not hire the plaintiff. Here, this is not a case of decisionmakers not taking responsibility for termination. In fact, it is quite the opposite. All managers involved in the disciplinary process, in their respective roles, supported their decisions to propose or uphold Plaintiff's discipline. Def's Reply SMF ¶¶ 19, 25.

As detailed in the lengthy documents supporting disciplinary action, the Bureau's process involved multiple decisionmakers and an opportunity for Plaintiff to oppose the proposed discpline: (1) A proposing official asserts bases for proposed discipline: here, Marc Maynard was the proposing official for removal; (2) plaintiff has an opportunity to respond; (2) a deciding official can uphold or reject the proposed discipline: here, Carolyn Chad upheld the 3-Day Suspension proposed by Clyde Lay and Dawn Weidmeier upheld Marc Maynard's proposed removal; and (4) a Human Resources employee provides guidance on the Douglas Factors for discipline. *See id;*, ECF No. 35-15 (Maynard Dep. 63:10-20).  Ultimately, the Bureau has fully explained its bases for terminating Plaintiff and her only response is that this process is a "sham." This does not excuse Plaintiff's own misconduct and disruption in the office that were the bases for discipline in the first place.

### 3. Plaintiff's unsubstantiated claims and workplace conduct caused significant workplace disruption.

The Bureau followed procedure to respond and investigate each of Plaintiff's complaints. Not only did this take time and resources, but it significantly disrupted the

REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT - 8

workplace. Plaintiff knew how to sow confusion and disrupt the workplace with false allegations. Def's Reply SMF ¶¶ 19, 27. She sent emails and approached her supervisors with confusing and serious allegations about widespread misconduct at the Ephrata Field Office. These allegations came only after Plaintiff was worried that she might be disciplined for firing off unprofessional, inaccurate emails about being removed from projects or after other employees complained of her inappropriate behavior towards them.

Under the significant workplace disruption doctrine, "[a]n employee's opposition activity is protected only if it is 'reasonable in view of the employer's interest in maintaining a harmonious and efficient operation.'" *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 763 (9th Cir. 1996) (citing *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978)). An employee's opposition activity is not reasonable when it violates agency policy. *See O'Day*, 79 F.3d at 763–64 ("The opposition clause protects reasonable attempts to contest an employer's discriminatory practices; it is not an insurance policy, a license to flaunt company rules or an invitation to dishonest behavior."); *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1446 (9th Cir. 1985) (Employee opposition unreasonable where employee's complaint "violated an explicit directive [and] contained false allegations of misconduct.").

Plaintiff alleges that Marc Maynard discharged her based on a non-existent policy that requires supporting documents for complaints. ECF No. 33 at 18–19. Plaintiff relies on *Hernandez v. Hughes Missile Systems Co.*, 362 F.3d 564, 569–70 (9th Cir. 2004). In *Hernandez*, an employer claimed to have an oral policy which mandated its decision to not re-hire an applicant. *Hernandez*, 362 F.3d at 568. However, there was also other evidence which discredited the employer's reliance on the oral policy, as the employer provided inconsistent and conflicting explanations for failing to rehire the employee, including reference to the employee's history of substance abuse. *Id.* at 569. Unlike *Hernandez,* here each proposed disciplinary action

is consistently supported by Plaintiff's failure to comply with the basic policy of following supervisory instructions.

Similar to *Unt*, Plaintiff disrupted the workplace in not following supervisory instructions. In *Unt*, an employee did not follow the employer's instructions to avoid direct communications with certain outside entities. *Unt*, 765 F.2d at 1446. Here, Plaintiff made several complaints involving bribery and conspiracy to Marc Maynard. Marc Maynard Dep. at 33. Plaintiff made these allegations in a cavalier manner with no specificity. *Id*. at 34. To gain specificity, Mr. Maynard requested further details regarding her complaints. *Id*. Plaintiff refused to provide any further details; in fact, she rudely asserted: "You can do this. You don't need me. You're a smart guy." *Id*. Plaintiff was uncooperative and insubordinate with Mr. Maynard's requests and ultimately this formed only one of the specifications for her proposed removal, along with other misconduct. *Id*. at 52–53. The disciplinary actions taken against Plaintiff are fully explained and supported by the record. Plaintiff's conclusory allegations regarding age discrimination and retaliation do not raise material issues of fact that support pretext.

### C. Plaintiff intertwined her claims for retaliation and hostile work environment; both claims are unsupported.

Plaintiff's complaint alleges as one claim unlawful retaliation and hostile work environment in violation of 29 U.S.C. § 621, et seq. ECF No. 1 at 12-13. Plaintiff has intertwined these claims by alleging that she experienced a retaliatory hostile work environment between the time of the first complaint of age discrimination in May 2016 and July 18, 2018 (the last day of her employment). Therefore, Defendant's Motion for Summary Judgment effectively moved to dismiss the hostile work environment claim because the entirety of Plaintiff's claim is based on the alleged retaliation for filing the EEO complaint of age discrimination. *See* ECF No. 1. Plaintiff cannot substantiate her claims of age discrimination or retaliation; therefore she cannot support that any of the alleged hostility or retaliation related to activity

REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT - 10

prohibited by the ADEA. *See Lalau v. City & Cty. of Honolulu*, 938 F. Supp. 2d 1000, 1016 (D. Haw. 2013) (ruling that plaintiff could not establish a hostile work environment claim because he had not shown evidence that his workplace was permeated with discriminatory intimidation relating to his age). Plaintiff's intertwined claim for a retaliatory hostile work environment is unsupported and should be dismissed.

## III.    CONCLUSION

For the forgoing reasons, Defendant respectfully requests that its motion for summary judgment be granted.


RESPECTFULLY SUBMITTED: March 12, 2020.

William D. Hyslop
United States Attorney

*s/Vanessa R. Waldref*
Vanessa R. Waldref
Assistant United States Attorney
Attorney for Defendant United States

REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT - 11

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2020, I caused to be delivered via the method listed below the document to which this Certificate of Service is attached (plus any exhibits and/or attachments) to the following:

| NAME & ADDRESS | Method of Delivery |
|---|---|
| Matthew Z. Crotty<br>Crotty & Son Law Firm, PLLC<br>905 W. Riverside Ave., Suite 404<br>Spokane, WA 99201<br>matt@crottyandson.com | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |
| Michael B. Love<br>Michael Love Law Firm PLLC<br>905 W. Riverside Ave., Suite 404<br>Spokane, WA 99201<br>mike@michaellovelaw.com | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |

*s/Vanessa R. Waldref*_____
Assistant United States Attorney

REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT - 2