William D. Hyslop
United States Attorney
*Vanessa R. Waldref*
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLY O'KELL,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DAVID BERNHARDT, in his official capacity as Secretary of the United States, Department of the Interior,<br><br>　　　　　　　Defendant. | No. 2:18-cv-00279-SAB<br><br>UNITED STATES' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE FOR SUMMARY JUDGMENT MOTION ON LIABILITY |

As required by Local Rule 56(c)(1)(C), and in support of the Motion for Partial Summary Judgment on Damages, Defendant United States hereby submits this reply to Plaintiff Kelly O'Kell's Statement of Facts and Counter Statement of Facts. As an initial matter, Plaintiff's Statement of Facts and Counter Statement of Facts is not in compliance with Local Rule 56(c)(1)(B), as it addresses multiple facts in general narrative format rather than providing "[a]s to each disputed fact" the cite to the "specific page or paragraph of the record where the disputed fact is found." To the extent that a response is required, Defendant has referenced the opposing party's disputed, numbered fact that Defendant contends are not in genuine dispute.

**I.     Reply to Plaintiff's Counter Statement of Facts**

1. Plaintiff does not dispute Paragraphs 1-8 of Defendant's Statement of Material Not In Dispute.

UNITED STATES' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2. Plaintiff provides "context" in narrative fashion to Paragraphs 9-19 of Defendant's Statement of Material Not In Dispute, but does not directly dispute these paragraphs. Defendant's Material Facts No. 9-19 support that Charity Davidson was selected for the Project Manager position because she was the better-qualified candidate, and Plaintiff fails to specifically dispute these material facts.

3. Plaintiff does not dispute Paragraphs 20-26 of Defendant's Statement of Material Facts Not In Dispute.

4. Plaintiff does not factually dispute Paragraph 27 of Defendant's Statement of Material Facts Not In Dispute, which is supported by the Declaration of Corbin Gentzler, and the texts he sent to Sarah Maciel on May 23, 2016, stating: "if you want to make a complaint against Kelly for her behavior towards you I will be a witness." Genztler added that he was "willing to speak up about the behavior [he] witnessed in Boise." Plaintiff cites to her motion for discovery sanctions as the bases for "dispute"; Plaintiff's motion is baseless (*See* ECF No. 32), and Paragraph No. 27, supported by Mr. Gentzler's text and declaration is an undisputed material fact.

5. Plaintiff's cites PSOF ¶ 87 to dispute Paragraph 28 of Defendant's Statement of Material Facts Not In Dispute, which states "Sarah Maciel and Corbin Gentzler wrote statements dated May 26, 2016 explaining Plaintiff's allegations of Maciel's role on the interview panel and Plaintiff's beliefs regarding management's favoring Maciel due to Maciel's physical appearance and age." The document cited by Plaintiff to "dispute" this statement is a communication about Mr. Ortiz's request for Mr. Flores to provide a statement when she was listed as a witness to a reported incident. ECF No. 35-1, PageID 1405. This is not a material fact in dispute.

6. Plaintiff cites PSOF ¶¶ 71, 72, 74, 76-77, 82 to dispute Paragraph 29 of Defendant's Statement of Material Facts Not In Dispute; none of the documents cited by Plaintiff demonstrate that Plaintiff's allegations that anyone in management told her that Charity Davidson was selected because she was "young and perky" (ECF No. 34, Page ID 1072). This is not a material fact in dispute.

7. Plaintiff cites to Louella DuBois' declaration and Ms. Fromm's deposition testimony to dispute Paragraph 30 of Defendant's Statement of Material Facts Not In Dispute (ECF No. 34, Page ID 1073); none of the documents cited by Plaintiff demonstrate Plaintiff's allegation that Clint Wertz told her that "he would not hire women over the age of 50" is supported by anything other than her own testimony. (*See also* ECF No. 35-3, PageID 1459). This is not a material fact in dispute.

8. Plaintiff cites to Plaintiff's own Human Resources Expert Deborah Diamond's Report to dispute Paragraph 33 of Defendant's Statement of Material Facts Not In Dispute (ECF No. 34, Page ID 1073 citing to ECF 36 at PageID 1789) which contains general statements about Louella DuBois's 10/20/2018 declaration and does not contradict Paragraph 33 that details how Louella DuBois's statements regarding Clint Wertz's comments about age are not connected with the hiring decision of Charity Davidson. This is not a material fact in dispute.

9. Paragraphs 34-35 are not disputed.

10. Paragraphs 37-38 are not disputed.

11. Paragraphs 40-50 are not disputed.

12. Plaintiff broadly cites PSOF ¶¶ 16-49 to dispute Paragraph 51 of Defendant's Statement of Material Facts Not In Dispute; none of the documents cited by Plaintiff demonstrate that Plaintiff has identified <u>anyone</u>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

with personal knowledge of Plaintiff being treated differently due to her age. This is not a material fact in dispute.

13. Paragraphs 53-64 are not disputed.

14. Plaintiff cites to PSOF ¶ 126 to dispute Paragraphs 65-68 of Defendant's Statement of Material Facts Not In Dispute, but nothing in the cited materials contradicts those facts (ECF No. 35-1, PageIDs 1243-44, 1390-91); and Plaintiff admits that Mr. Ortiz sent Plaintiff an email stating that "it is your right and my expectation that you go to the EEO and Employee relations groups any time your [sic] feel like there is a need." ECF No. 27-3, PageIDs 627, 709). These are not material facts in dispute.

15. Plaintiff broadly cites PSOF ¶¶ 108-112 to dispute Paragraphs 69-70 of Defendant's Statement of Material Facts Not In Dispute, but nothing in the cited materials contradicts when Mr. Lay performed O'Kell's EPAP in October 2017 or that he rated Plaintiff a "2 – minimally successful" on the customer service element for the 2016-2017 EPAP because: "on multiple occasions you have sent unprofessional e-mails to Regional Office Staff or to Field Office staff. Critical Element 4 requires you to: maintain professionalism, is courteous, respectful, timely . . . limits confrontations by demonstrating self-control." These are not material facts in dispute.

16. Plaintiff contends that Defendant's Statement of Material Facts Not In Dispute Paragraph 71 is incomplete because it does not show an underlying inappropriate email sent by Plaintiff; Plaintiff does not dispute that Ms. O'Kell received this email on July 10, 2017 counseling her regarding not sending communications to the Reclamation Regional Office regarding Field Office work projects unless speaking with her supervisors first. (ECF No. 34, Page ID 1075). This fact is not in dispute.

17. Plaintiff broadly cites PSOF ¶¶ 127-128 to dispute Paragraphs 72-76 in Defendant's Statement of Material Facts Not In Dispute regarding Plaintiff's 3-day suspension that was proposed by Clyde Lay in September 2017. Although Plaintiff's response to the 3-day suspension details her perspective on the proposed discipline, she admits to Fact Nos. 72, 73, and 75 in her response letter (ECF No. 35-1 PageID 1113-1131). These facts are not in dispute.

18. Paragraph 77 is not disputed.

19. Plaintiff broadly cites PSOF ¶¶ 134-139 to dispute Paragraph 78 in Defendant's Statement of Material Facts Not In Dispute regarding Ms. Chad's role as the deciding official who upheld the 3-day suspension. Ultimately, Plaintiff admits to sending this inappropriate email and not providing it to Mr. Lay upon his request, which are the stated bases for Ms. Chad's decision. ECF No. 35-1 PageID 1113-1131; ECF No. 27-2, PageID 579 ("The decision before me was not whether she had a valid EEO complaint . . . My decision solely was based on her behaviors that led up to a letter of reprimand and a proposed three-day suspension.").

20. Plaintiff broadly cites PSOF ¶¶ 125-126 and 183-186 to dispute in narrative fashion Paragraphs 80-84 of Defendant's Statement of Material Facts Not In Dispute. Plaintiff generally contends that the multi-day investigations conducted by Human Resource employees from the Bureau of Reclamation's Regional Office in Boise, involving more than 12 interviews were a "sham" because the investigators were not focused on questions related to age discrimination or retaliation in their interviews. But the focus of the administrative investigations were the various allegations from Plaintiff detailed in the September 2017 Investigation Summary (ECF No. 27-3, PageID 755-769 and set forth in the April 2018 Investigation

Summary and Close Out (*Id.* PageID 771-774). This is in contrast to the EEO Investigation conducted by Michael Brown, which was focused on plaintiff's allegations of age discrimination and retaliation; even Plaintiff's expert recognizes that the administrative process is "separate and distinct from the EEO process." ECF No. 36, PageID 1788. Plaintiff provides no evidence to dispute the <u>findings</u> of those administrative investigations, which is that plaintiff's claims of mistreatment or her allegations of other employees' misconduct were not substantiated. ECF No. 27-3, PageID 774. These facts are not in dispute.

21. Paragraphs 85-86 are not disputed.
22. Plaintiff cites to PSOF ¶¶ 153 and 155 to dispute Paragraph 87 of Defendant's Statement of Material Facts Not In Dispute. The citations provided by Plaintiff to "dispute" this fact in PSOF ¶¶ 153 and 155 demonstrate that Plaintiff did not provide any details regarding her broad allegations to Mr. Maynard, which is also supported by ECF No. 27-3, PageID 366-67.
23. Paragraphs 88-91 are not disputed.
24. Plaintiff cites to PSOF ¶¶ 180-81 to dispute Paragraph 92 of Defendant's Statement of Material Facts Not In Dispute that states Plaintiff's conduct was investigated by an independent investigator, Hayward Reed. The citations provided by Plaintiff to "dispute" this fact are from Plaintiff's expert report discussing an entirely different EEO investigation conducted by Michael Brown. Furthermore, Plaintiff's expert admitted that it was not her opinion that Mr. Reed was not impartial because he did not have a Washington state private investigator license, Deposition of Deborah Diamond, 138:18-21, nor that such a license was required by a federal agency, 140:18-23. This fact is not in dispute.

25. Plaintiff cites to PSOF ¶ 159 to dispute Paragraph 93 of Defendant's Statement of Material Facts Not In Dispute, which states that "Maynard's Proposed Removal of Plaintiff is supported by 18 specifications that detail her inappropriate behavior, failure to follow supervisory instruction, and lack of candor." (ECF No. 27-1, PageID 366). The citations provided by Plaintiff to "dispute" this fact in PSOF ¶ 159 make it clear that Mr. Stover drafted an initial letter that was reviewed, adopted, and signed by Mr. Maynard, which has 18 supporting specifications. These facts are not in dispute.

26. Plaintiff cites to PSOF ¶ 166 to dispute Paragraph 94 of Defendant's Statement of Material Facts Not In Dispute, which states that "Plaintiff's behavior was making her coworkers feel harassed, was disrupting the work environment." (ECF No. 27-5, PageID 785-786). The citations provided by Plaintiff to "dispute" this fact are Mr. Wertz's and Mr. Lay's responses to Charity Davidson's informing them that Plaintiff's behavior made her uncomfortable, which is also consistent with Ms. Davidson's prior interview testimony explaining how Plaintiff's behavior was disruptive and made her uncomfortable. ECF No. 35-1, PageID 1235-38. This fact is not in dispute.

27. Plaintiff cites to PSOF ¶87 to dispute Paragraph 94 of Defendant's Statement of Material Facts Not In Dispute, which states that "Plaintiff has no basis for her allegations that Fromm and Gentry had received promotions for complaining about Plaintiff's inappropriate behavior." The document cited by Plaintiff to "dispute" this statement is a communication about Mr. Ortiz's request in May 31, 2016 for Mr. Flores to provide a statement when she was listed as a witness to a reported incident. ECF No. 35-1, PageID 1405. This fact is not in dispute.

//

28. Paragraphs 96-97 are not disputed.

RESPECTFULLY SUBMITTED: March 26, 2020.

William D. Hyslop
United States Attorney

*s/Vanessa R. Waldref*
Vanessa R. Waldref
Assistant United States Attorney
Attorney for Defendant United States

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2020, I caused to be delivered via the method listed below the document to which this Certificate of Service is attached (plus any exhibits and/or attachments) to the following:

| NAME & ADDRESS | Method of Delivery |
| --- | --- |
| Matthew Z. Crotty<br>Crotty & Son Law Firm, PLLC<br>905 W. Riverside Ave., Suite 404<br>Spokane, WA 99201<br>matt@crottyandson.com | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |
| Michael B. Love<br>Michael Love Law Firm PLLC<br>905 W. Riverside Ave., Suite 404<br>Spokane, WA 99201<br>mike@michaellovelaw.com | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |

*s/Vanessa R. Waldref*
Assistant United States Attorney

UNITED STATES' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 8