FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 07, 2025

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLY O'KELL,<br><br>                    Plaintiff,<br><br>vs.<br><br><br><br>DEB HAALAND, in her official capacity as Secretary of the United States Department of Interior,<br><br>                    Defendant. | No. 2:18-cv-00279-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL ON DAMAGES**<br><br><br><br>ECF No. 200 |

Before the Court is Defendant's Motion for New Trial on Damages, ECF No. 200. Plaintiff filed a response in opposition, ECF No. 205, to which Defendant replied, ECF No. 206. Having thoroughly considered the parties' briefing and the record, the Court finds oral argument to be unnecessary. For the following reasons, the Court denies Defendant's motion.

## BACKGROUND

A bench trial was held in the above-captioned matter in Spokane, Washington on November 1-5, 2021, February 14-18, 2022, and February 23, 2022. The Court entered Findings of Fact and Conclusions of Law, Judgment and an Amended Judgment in favor of Plaintiff. ECF Nos. 136, 137, 170. On

ORDER - 1

Defendant's appeal, the Ninth Circuit Court of Appeals vacated the portion of the Court's judgment awarding back pay and front pay damages and remanded for reconsideration and recalculation of the awards. ECF No. 179. On remand, the parties agreed not to reopen the trial record. ECF No. 182. Both parties submitted supplemental briefing and proposed findings. ECF Nos. 184-87.

On August 12, 2024, the Court entered Amended Findings of Fact and Conclusions of Law in favor of Plaintiff. ECF No. 188. In addition, the Court ordered the reopening of the record to take limited supplementary evidence in order to calculate prejudgment interest, present value of the front pay award, and the adverse tax consequences. *Id*. at 57-58. Prior to the Court's entry of an amended judgment on remand, Defendant filed the instant motion asking the Court to order a partial new trial solely on the issue of damages.

Relevant to Defendant's motion, at trial and on remand, Defendant claimed Plaintiff would likely be reemployed with the federal government within six months of trial with a clean personnel record, and therefore the duration of any award of front pay award must be limited to not more than six months. The Court concluded this position was unsupported by the record and unreasonably speculative, and awarded Plaintiff front pay through retirement. *See* ECF No. 188 at 39-51. The Court's amended findings included analysis of numerous factors and explained the front pay award in detail. Part of these findings included the following:

> 180.   The Court considers Plaintiff's willingness to relocate. A person's willingness to relocate increases the likelihood of securing comparable employment. In 2019, Plaintiff was willing to relocate to West Virginia. However, Plaintiff testified that by 2021 she came to the difficult realization that she could not accept a position requiring she move to southern California due to the cost of relocation, her need for ready access to medical care and the length of the commute.

ORDER - 2

Defendant and its expert assumed (and presumably, therefore did not put on any evidence) that Plaintiff had future flexibility in job location based on her past choice to conduct nationwide job searches and her past expressed willingness to move. The Court can infer from the evidence that Plaintiff has shown a willingness to relocate in the past. However, at trial, there was no testimony as whether Plaintiff then or sometime in the future could relocate, wanted to relocate, or would consider relocating, and if so, under what conditions. There was no testimony about the realities of this particular job market or whether relocation is common in Plaintiff's line of work. *Cf., Ford v. Nicks*, 866 F.2d 865, 874-75 (6th Cir. 1989) (noting Plaintiff admitted at trial she was "willing to relocate at that point" and numerous witnesses testified to current openings for comparable work that was "close enough."). Even Defendant's expert report indicates he did not believe Plaintiff was actively looking for work "in other areas." Def. Ex. 679 at 6. Given all of the evidence, the Court concludes there is insufficient basis to reasonably infer that Plaintiff was reasonably likely to relocate anywhere in the country in the future.

181.    The Court considers the period within which one by reasonable efforts may be reemployed. There is no evidence that Plaintiff could be reemployed by Defendant at the same field office. Plaintiff diligently searched for comparable employment, applying to at least 100 positions, and in a 43-month period did not secure any comparable job offers. Plaintiff's difficulty in this regard is likely compounded by her having to seek employment without the aid of affirmative references from former supervisors at the EFO and the Forest Service (Mr. Heikkila, who gave her a negative reference). Although Plaintiff obtained two job offers, both were distant from her home and would have required relocation out of the region, and therefore did not have virtually identical working conditions and are not considered comparable positions. Even assuming that federal job opportunities are likely to exist elsewhere in the nation, Plaintiff's willingness to relocate in the future is unknown, or at the very least, unclear. The Court cannot reasonably predict that Plaintiff would relocate anywhere in the country to obtain federal employment. Moreover, there was no expert testimony at trial concerning the current job market, employment trends in Plaintiff's area of work, the present or future availability of comparable work, or even the current or future availability of any work for which Plaintiff would qualify. Plaintiff's extremely diligent, yet unsuccessful, mitigation efforts suggests that Plaintiff's future opportunity for comparable work is virtually non-

existent, and there is a lack of evidence suggesting otherwise. The Court has no basis to predict that Plaintiff has a reasonable prospect of obtaining comparable alternative employment.

Accordingly, considering the record as a whole, the Court concludes that Defendant's position taken at trial and post-remand, that Plaintiff would be reemployed with the federal government within six months with a clean personnel record, is unsupported by the record and unreasonably speculative. It assumes that Plaintiff would relocate anywhere for employment, which is an unjustified assumption based on the evidence. The Court finds Mr. Fisher's scenarios based on this assumption not credible.

ECF No. 188 at 45-47.

Defendant's motion requests the opportunity to re-litigate the issue of front pay so that it may now present more evidence. Defendant wants to introduce documentary evidence that it had prior to trial and conduct additional cross-examination of Plaintiff's witnesses on the issue of whether Plaintiff was willing relocate to obtain federal work in the future. *See* ECF No. 200 at 12. Instead of presenting evidence at trial, Defendant claims it tried the case relying on what it thought was a "common understanding" amongst the parties that Plaintiff was "ready, willing and able to relocate"— in the past, present and future. ECF No. 200 at 11. Defendant claims to have made this assumption of fact because: (1) "[g]oing into trial, Plaintiff never once suggested that she was not willing to relocate"; (2) the parties were aware that federal work existed outside of Grant County; (3) Plaintiff requested a "clean SF-50"; and (4) one of Plaintiff's expert's alternative computations of front pay included $32,181 in relocation expenses. *See* ECF No. 200 at 3-6. Defendant argues it is entitled to a new trial because the front pay award is "tainted by legal error" and a miscarriage of justice has occurred. ECF No. 200 at 2.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(a)(1)(B), "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: . . . after a nonjury trial, "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). Partial new trials are permissible under Rule 59 if the issue to be retried is "so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Products Co., Inc. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931). If there are grounds for a new trial, "the court may . . . open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. Proc. 59(a)(2).

Rule 59(a)(1)(B) does not specify the grounds upon which a motion for new trial may be granted. Instead, a court is "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem. Seafoods, Inc*., 339 F.3d 1020, 1035 (9th Cir. 2003). The Ninth Circuit recognizes three grounds for granting a new trial after a bench trial: "(1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978); *see also Molski v. M.J. Cable, Inc*., 481 F.3d 724, 729 n.4 (9th Cir. 2007). A parties' "desire to introduce additional evidence after losing the case [does] not constitute a proper ground for granting a new trial." *Brown*, 588 F.2d at 710.

Granting a new trial is left to the sound discretion of the trial court. *See City Sols., Inc. v. Clear Channel Commc'ns*, 365 F.3d 835, 843 (9th Cir. 2004).

## DISCUSSION

Defendant does not contend there has been a manifest error of fact or that it has newly discovered evidence, nor even cite the applicable standard for new trial

under *Brown*. Instead, Defendant claims an error of law and a miscarriage of justice have occurred. Both assertions lack merit.

### 1. Manifest Error of Law

A "manifest error of law" is not demonstrated by disappointment of a losing party, rather it is "'the wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court.'" *Rupert v. Bond*, No. 12-cv-05292-BLF, 2015 WL 78739, at *2 (N.D. Cal. Jan. 7, 2015), *aff'd*, 771 F. App'x 777 (9th Cir. 2019) (quoting *Oto v. Metro. Life Ins. Co*., 224 F.3d 601, 606 (7th Cir. 2000)). As explained below, Defendant has not demonstrated anything approaching a manifest error of law, but has instead requested the Court reassess its detailed findings, hoping for a different outcome on a third pass based on a similar argument the Court previously considered in the post-remand briefing.

Defendant alleges the Court may have misplaced the burden of proof on front pay and claims the Court's amended findings did not address its post-remand argument that "Plaintiff bore the burden of proof on all issues relating to front pay, including the question of how long it would take her to find comparable employment after trial." ECF No. 200 at 14. In fact, the Court's amended findings explicitly set forth the proper burden of proof, stating: "A plaintiff seeking front pay has the same burden to submit evidence from which the Court can make [] reasonable projections to calculate damages just as a plaintiff seeking back pay." ECF No. 188 at 40. The Court did not misunderstand, ignore, or misplace the burden of proof.

The Court also rejects Defendant's claim that the Court's determination of front pay "turns on the absence of evidence presented at trial." ECF No. 200 at 14. Plaintiff's evidence provided a reasonable basis for the Court's front pay award. This evidence is outlined in the Court's detailed amended findings and need not be repeated. *See* ECF No. 188 at 39-51. However, the Court reiterates that Plaintiff

presented uncontested evidence at trial relevant to her likelihood of reemployment and the availability of comparable work. Plaintiff was unemployed at the time of trial and had no mitigation earnings. *Id.* at 21. She testified to her extremely poor success rate in obtaining job offers since her termination, having secured just two out-of-state offers in over 100 applications despite conducting a nationwide search and interviewing many times. *Id.* at 37-38, 45. The Court also considered other relevant factors including evidence of other substantial circumstances existing at the time of trial, beyond Plaintiff's personnel record, impacting her prospects of obtaining future comparable employment. Some of these circumstances reasonably caused her to reject relocation for an available position in Fort Irwin, California and called into question her future willingness and ability to relocate. For example, the Court considered her testimony regarding her age (61), duration of unemployment, lack of earnings since her termination and inability to afford a move, other financial factors, deterioration in health, need for access to specialist care and her doctors, inability to tolerate long commuting distances, lack of references from her previous position, and need to truthfully explain the circumstances of her departure from her prior position and the fact she sued her employer. *See* ECF No. 188 at 22, 41-48.

The evidence relevant to the Court's determination of Plaintiff's future prospects of obtaining comparable alternative employment was uncontested. Defendant cross-examined Plaintiff over the course of three days for approximately seven hours without questioning her regarding this testimony or any other aspect of any of her claims for damages. Instead, Defendant claimed evidence of Plaintiff's tentative offer and acceptance of comparable work in Virginia, made soon after her termination, demonstrated that she was likely to obtain comparable alternative employment within six months of trial. The Court

was not persuaded. The front pay award was based on uncontested evidence, not an absence of evidence.

Defendant also claims that because Plaintiff failed to prove that "no comparable federal jobs will be available to her in the future," the Court should revise its findings and deny front pay entirely. ECF No. 200 at 15. The Court disagrees. Defendant attempts to set the evidentiary burden higher than required and urges a complete denial of a particularly appropriate and important remedy given Defendant's discriminatory conduct and the denial of reinstatement due to antagonism between the parties. Plaintiff is not required to show that "no" comparable employment will be available to her in the future. Front pay awards are by their nature forward-looking and fashioned amidst some degree of speculation. *See Traxler v. Multnomah Co.*, 596 F.3d 1007, 1011 (9th Cir. 2010) (noting front pay's speculative character and the district court's wide latitude in its determination). The determination of the length of time it will take the employee, using reasonable effort, to secure comparable employment focuses upon probabilities and reasonable prospects, not certainties. The uncontested evidence at the time of trial established that Plaintiff's reasonable prospects for becoming reemployed were good, but that her prospects of securing "comparable alternative employment" was "virtually non-existent" even with a clean personnel record. *See* ECF No. 188 at 58.

Defendant has not demonstrated any error of law occurred, manifest or otherwise.

### 2. Miscarriage of Justice

Alternatively, Defendant claims it has been deprived of a fair trial because "after trial, while the case was on appeal, . . . Plaintiff first suggested that she was not willing to relocate" and "[t]hat change in position – and the Court's acceptance of it on a closed record" has resulted in a "miscarriage of justice." ECF No. 200 at

2, 10-13; ECF No. 206 at 10. Defendant claims it was not "given a fair opportunity to try this issue fairly, on an open trial record" because Plaintiff injected the issue post-trial on remand. ECF No. 200 at 13.

In the Ninth Circuit, there are different standards for awarding new trials under Rule 59(a) after bench trials and after jury trials. *Compare Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000) ("The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.") *with Brown*, 588 F.2d 708, 710 (9th Cir. 1978) ("There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence."); *see also Molski*, 481 F.3d at 729 n.4 (acknowledging and reaffirming distinct standards). Defendant's reliance upon an alleged miscarriage of justice improperly attempts to borrow the standard for jury trials and apply it here to a bench trial. *See In re Cattell*, 2024 WL 1340200, *7 (B.A.P. 9th Cir., Mar. 29, 2024) (rejecting attempt to apply the *Passantino* standard rather than the *Brown* standard to a bench trial). As stated above, Defendant has not demonstrated entitlement to a new trial on grounds under *Brown*. Nevertheless, even if the Court assumes that Rule 59 generally gives the Court discretion to order a new trial if it is reasonably clear that an injustice has occurred, the Court rejects Defendant's claim of miscarriage of justice.

Plaintiff's claim for front pay through retirement and all relevant factors associated with the determination of front pay, such as the reasonable period by which Plaintiff may be reemployed and reasonable mitigating earnings, were at issue at all times in this case. *See* ECF No. 1 at 14 (Plaintiff's Complaint requesting the award of front pay); Pltf. Trial Ex. 202. Defendant cannot now claim unfair surprise that Plaintiff's reasonable prospects for securing future

employment were in dispute at trial. Notably, the nature and geographic location of likely future employment was a distinguishing fact in the parties' experts' estimation of mitigation earnings in their alternative front pay damages computations. *See* Pltf. Trial Ex. 202; Def. Trial Ex. 679. Significantly, Plaintiff's economic expert, Erick West, whose initial report was dated September 30, 2019, offered front pay computations based on mitigation earnings in a non-federal position in the Grant County labor market, assuming Plaintiff would not relocate. Mr. West later supplemented his report in December 2021 offering an alternative scenario based on an assumption of mitigation earnings had Plaintiff accepted the federal position in and relocated to Fort Irwin, California. Pl. Trial Ex. 202. Defendant's expert challenged these computations, including the reasonable loss mitigation and estimated future earning capacity. Def. Trial Ex. 679. Defendant's expert offered alternative estimations of loss mitigation based on earnings in Grant County and asserted that "there is little evidence that [Plaintiff] actively sought work in other areas." Def. Trial Ex. 679 at 6; *see also* ECF No. 188 at 58. Moreover, in October 2021, Plaintiff rejected the federal position offered in Fort Irwin, California as she was unable and unwilling to relocate. Fundamentally, Defendant's miscarriage of justice contention rests on the false premise that it was not until after trial that "Plaintiff first suggested that she was not willing to relocate," ECF No. 200 at 2, when in fact, prior to trial Plaintiff had declined to relocate and had front pay computations assuming she would not relocate, and then at trial, there was testimony regarding both.

Defendant admits it tried the case based on its assumption that the facts remained unchanged since shortly after Plaintiff's termination in 2018 when, as found by the Court, Plaintiff had expressed a willingness to relocate. *See* ECF No. 200 at 11-12; ECF No. 188 at 58. Yet, Defendant furnished no stipulated findings of fact in this regard at trial. *See* ECF No. 85 at 2-5 (proposed pretrial order

reciting agreed facts). Defendant's proposed findings of fact did not contain any proposed facts related to damages. ECF No. 100. The case was tried over the course of eleven days (instead of the five days initially estimated). Defendant did not cross-examine Plaintiff about her claim for front pay, her rejection of the position in California, or her testimony regarding her current circumstances. During closing argument, Defendant gave only brief mention to damages. *See* ECF No. 147 at 56 (arguing that forward-looking relief was "irrelevant"); ECF No. 147 at 128 (urging the Court not to "split the baby" or award Plaintiff "something because of compassion or sympathy"); ECF No. 147 at 128 (stating that if she had proven her case, "give Plaintiff the lotto ticket . . .that is what the law requires, and that's justice," which the Ninth Circuit's disposition characterized as "colorful rhetoric merely emphasiz[ing] the BOR's belief that an award would be a windfall because Plaintiff had not suffered discrimination." ECF No. 179 at 2.).

The record reflects Defendant made a strategic decision to put nearly all its eggs in the no-liability basket. The record contradicts Defendant's claims that it chose not to present more evidence relating to damages at trial because "there was no reason to," ECF No. 200 at 13, or due to a "bait and switch," ECF No. 200 at 10, or "blatant gamesmanship," ECF No. 200 at 13. Instead, Defendant gambled that the Court would decide the case in its favor on liability and never reach the issue of damages. Defendant then had the opportunity on remand to request a reopening of the record on damages after it admits it was on notice that Plaintiff was contesting its claim that the evidence showed Plaintiff "would have no trouble finding comparable federal employment in the near future." Reply Brief of Appellant at 11, *O'Kell v. Haaland,* No. 22-35701 (9th Cir. May 8, 2023), Docket Entry No. 27. Instead, contrary to Defendant's claim that Plaintiff "insist[ed] on a closed trial record" on remand, ECF No. 200 at 13, both parties agreed to proceed on a closed record. ECF No. 182; ECF No. 187 at 17. Defendant cannot now claim

an injustice occurred because it regrets its decision not to request to reopen the record to further cross-examine Plaintiff's witnesses and present evidence it had in its possession.

Finally, as the Court's amended findings of fact, ECF No. 188, are based entirely on the record evidence at trial and the limited supplemental evidence ordered, any perceived post-trial "change of position" by Plaintiff "on the question of relocation" had no prejudicial impact on the Court's findings. *See* Fed. R. Civ. P. 61 ("Unless justice requires otherwise . . . . the court must disregard all errors and defects that do not affect any party's substantial rights.").

## CONCLUSION

Defendant's desire to have another opportunity to try to improve the weight of its evidence and present a stronger defense against front pay after review of the Court's detailed findings on remand is not a basis for new trial. It is well settled that motions for new trial cannot be used to present the case under a new theory or strategy, not urged at the first trial.

Defendant has not demonstrated the denial of a fair trial, a miscarriage of justice, or entitlement to relief under Rule 59.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion for New Trial, **ECF No. 200**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 7th day of January 2025.



Stanley A. Bastian
Chief United States District Judge

ORDER - 12